MATTER OF AMIN

In Section 212(e) Proceedings

A-13871376

*Decided by Regional Commissioner April 11, 1969*

An exchange visitor's application for waiver of the foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, based primarily on the claim of exceptional hardship that would result to his two U.S. citizen children because of impairment of the mother's ability to care for them due to a skin infection, is denied since it has not been established that the mother's condition in the past has impaired her ability to properly care for her children to the extent that it has caused or may be expected to cause them exceptional hardship: further, should there be a recurrence of the infection, medical treatment is available in the country to which she must depart.

ON BEHALF OF APPLICANT: Howard L. Kushner, Esquire
730 Main Street
Niagara Falls, New York 14301

This matter is before the Regional Commissioner on appeal from the denial of the application for waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, on the ground that exceptional hardship has not been established.

The appellant, a married 31-year-old physician, is a native and citizen of India. He was admitted to the United States on August 12, 1962 as an exchange visitor to participate in an exchange program at Francis Hospital, Poughkeepsie, New York, where he served a one-year rotating internship. He subsequently engaged in residency training in psychiatry at the Husdon River State Hospital, Poughkeepsie, New York from July 1963 until June 1967. On July 27, 1967, the Department of State advised that there is no basis under the Exchange Visitor Program for granting the alien any additional extensions of stay. He is the beneficiary of an approved third preference visa petition filed on August 17, 1967.

The record further reflects that the appellant's wife was admit-

ted to the United States in J–2 status on May 6, 1963. They had been married in India on June 18, 1962 and have two children, ages five and one-and-one-half, both born in the United States. The instant waiver request was filed December 26, 1967 under the provisions of section 212 (e) of the Act which states, in pertinent part, as follows:

... upon the favorable recommendation of the Secretary of State, pursuant to the request of an interested United States Government agency, or of the Commissioner of Immigration and Naturalization after he has determined that departure from the United States would impose exceptional hardship upon the alien's spouse or child (if such spouse or child is a citizen of the United States or a lawfully resident alien), the Attorney General may waive the requirement of such two-year foreign residence abroad in the case of any alien whose admission to the United States is found by the Attorney General to be in the public interest ...

In the matter at hand, it has been alleged that compliance with the two-year foreign residence requirement would impose exceptional hardship on the applicant's two United States citizen children. It has been claimed that the appellant would be unable to obtain a position as a psychiatrist in India which would provide a salary sufficient to properly support his family; that the children would be subjected there to infectious diseases, poor nutrition, inadequate health facilities, and a generally lower standard of living; that the applicant's wife is afflicted with eczematized tinea which affects her ability to perform household duties and care for the children; that treatment for this condition is not readily available in India.

In support of the instant application, evidence has been presented that the Government of India has no objection to the applicant's admission for permanent residence; that the children's health would be detrimentally affected by residence in India; that the wife's eczematized tinea of the hands—which is indigenous to India—is resistant to treatment, including superficial radiotherapy, and here return to that country would aggravate her case. At the request of this Service, a more detailed medical report was submitted relative to the wife's condition. Upon review of the medical evidence, the United States Public Health Service advised that her superficial fungus infection should not contraindicate her return to India; that adequate treatment for this disease should be available in that country. The District Director denied the waiver application November 26, 1968 on the following grounds:

The statute provides that a waiver on hardship grounds may be granted only if the exchange visitor has a United States citizen or lawful permanent resident spouse or child and compliance with the foreign residence requirement would impose exceptional hardship upon such spouse or child. Adjust-

ment factors will usually be present if the spouse or child proceeds abroad to a country where the customs, language, and mode of living are strange.

Similarly, in most cases an exchange alien newly returning abroad to comply with the foreign residence requirement will require a considerable length of time to reestablish himself there and begin earning an income which would enable him to adequately support himself and the members of his family. These factors must then be considered the *usual* hardships which might be anticipated by the spouse and children of an exchange visitor who is required to comply with the foreign residence requirement.

After very careful consideration, it has been determined that the factors of adjustment and economic hardship which you have set forth constitute the usual hardships which may be anticipated rather than the exceptional hardship contemplated by the statute. Furthermore, the medical documentation which you submitted fails to substantiate your claim that your wife will be unable to care for your children in India. Accordingly, your application is denied.

On December 17, 1968, counsel submitted a motion to reopen and reconsider this matter. In connection therewith, it has been contended that the applicant's wife suffers from a medical condition which is more than the usual type of fungus infection inasmuch as it does not respond to the usual treatment; that she requires X-ray therapy in order to alleviate her condition, the prolonged use of which may result in serious complications; that the recurring nature of the infection necessitates that she avoid, as much as possible, the environment in which she would be subjected to the infection; that if she returns to India and her condition worsens, the prospect of dangerous complications from the resultant treatment is so great, the children would be deprived of their mother's constant care and attention; that it is the treatment for the infection, not merely the availability of such treatment, which creates exceptional hardship. There has been presented in support of the motion another statement from the wife's physician which reiterates the resistance of her case to treatment with fungicidal drugs, the satisfactory results obtained by X-ray therapy, the danger of recurrence of the condition in a subtropical climate, and the complications which could result from repeated X-ray treatments. A statement has also been furnished by another doctor which advises against X-ray therapy more often that every two or three years and then only minimum dosage, provided all other treatment is ineffectual.

The District Director dismissed the motion to reopen and reconsider on January 28, 1969, concluding that the medical evidence presented therewith is essentially the same as the information previously evaluated by the United States Public Health Service. Attention was further called to the fact that the statute provides a hardship waiver may be granted only if compliance .

211

with the foreign residence requirement would impose exceptional hardship upon a United States citizen or lawful resident spouse or child; that consideration has been given to the condition of the applicant's wife only because it was alleged it might hinder her ability to adequately care for her United States citizen children; that no evidence has been submitted which would show that her condition in the past has hindered her performance of household work or that recurrence of the skin condition could not be prevented with proper management. The District Director found it has not been established that the welfare of the applicant's United States citizen children would be jeopardized by two years residence in India if they accompanied their parents to that country. On appeal from the dismissal of the motion, counsel has contended the following:

The decision of the District Director is unreasonable, and unfair, since evidence has been submitted which would indicate that the medical condition of Mrs. Amin could not only severely incapacitate her ability to perform household work, and that recurrences of skin condition could not be prevented with proper management, but also continuous treatment of the disease would result in disability of Mrs. Amin, or fatal illness. Therefore, exceptional hardship has been established to the children of Dr. Amin, should he be required to comply with the foreign residence requirement. District Director failed to consider and follow the opinion of the Deputy Associate Commissioner for Travel Control in the matter of Drs. Jose and Virginia DePerio, file numbers A13 981 355 and A13 982 621, dated August 1, 1968.

We have very carefully reviewed the entire record and considered the applicability of the Deputy Associate Commissioner's decision in the above-cited case. It was found therein that *some* degree of hardship would be imposed upon all the applicants' children if they were to accompany their parents to the Philippines. However, the finding of *exceptional* hardship was predicated upon the physical condition of the one United States citizen child with a history of heart disorders and the adverse effect such foreign residence would have upon him. In the instant matter, we are confronted with a different situation. The hardship claim rests essentially on the medical condition of the appellant's J-2 spouse. We agree with the District Director's conclusion that the record fails to satisfactorily establish that her skin infection has impaired her ability to properly care for her children to the extent that it has caused or may be expected to cause them exceptional hardship. Although the recommended therapy for her condition may differ from that of other types of fungus infections and the possibility of recurrence may be somewhat greater in subtropic climates, the fact remains that X-ray treatment is available in India. The hazards inherent in such therapy, assum-

ing that there is a recurrence of the disease, apparently can be controlled by regulating the frequency of treatment. Under the circumstances, we do not find it has been satisfactorily established that two years foreign residence would impose exceptional hardship on the United States citizen children within the meaning of the statute. Accordingly, the decision of the District Director will be affirmed.

*It is ordered* that the denial of the application for waiver of the two-year foreign residence requirement of section 212(e) of the Immigration and Nationality Act, as amended, be and same is hereby affirmed.